**RYAN KIM | LAW**

163-10 Northern Blvd. Suite 205
Flushing, NY 11358
Telephone: (718) 573-1111

June 11, 2020

<u>VIA E-Mail</u>

Honorable Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY

    Re: Ko v. Manhattan Avenue Cleaners, Inc et al., 19-cv-02851-RJD-PL

    Plaintiff's Statement re: Settlement Agreement

Dear Honorable Kuo:

    This matter was settled on March 3, 2020 during the court assisted settlement conference. Your honor presided over the conference and both the plaintiff and the defendant Mr. Bae and his wife were present at the conference.

    On March 9, 2020, I sent draft settlement agreement to defendants' counsel Ms. Diane Lee for defendants's review. On March 25, Ms. Lee advised that "Mr. Bae fell ill, I am told and they are dealing with his illness.   I will get back to you when I hear back from them."

    Around April 2, I was informed by Ms. Lee that Mr. Bae unfortunately passed away. Out of respect, we waited for the family to deal with Mr. Bae's sudden passing.

    On May 14, I emailed Ms. Lee a revised agreement and said "As for signing the document, I am not sure. I've never had this before so… Perhaps we can ask the judge. I will ask around. [H]as an estate for the defendant opened? If so, I was told that a Personal Representative needs to be appointed and that's the one who can sign on his behalf. It would be helpful to know the status of his estate. If there's probate, etc."

    May 18, I wrote: "I was thinking that since the defendant husband was in attendance at the settlement conference in person and agreed to settle, can we treat it as verbal agreement and just file a motion for the fairness hearing?   I don't believe there's any major issues that must be addressed in a settlement agreement. And if there's any issues that we need to address, I think we might be able to do it within the context of the motion and ask the court to enter an order as part of approval for the settlement. What do you think?" On May 19, Ms. Lee emailed me back said "That sounds workable."

    On May 19, I forwarded a draft of the motion for settlement approval to Ms. Lee and she wrote back the next day and said "The letter is fine with the Defendants."

     Meanwhile your honor ordered the parties to file a Motion for Settlement Approval by May 29, 2020. On May 29, 2020, plaintiff filed such motion but without a signed agreement because of the circumstance and relying on the communications I had with Ms. Lee.

     Through defendants' counsel, I was advised that, the Trust and Estate attorney for the Bae family advised that Deceadent's Will must be probated and the executrix, who is the oldest daughter of the Decedent needs to appoint a personal representative and that personal representative should be the one to sign the Settlement Agreement and Release. According to Mr. Bae's family, the daughter is currently in Korea.

     Plaintiff asks for the Court's guidance as to how to proceed: whether to wait for the probation and appointment of personal representative of the deceased to sign a written agreement or proceed without a signed written agreement.

     As for the plaintiff's attorney's fee, plaintiff's counsel relied on contingency fee agreement where plaintiff agreed to pay one-third of the recovery after deducting the costs and expenses associated with the case. In plaintiff's counsel's experience, such fee arrangement has been routinely approved by the courts in EDNY and plaintiff's counsel seeks the same in this case.

     Respectfully,

Ryan J. Kim

Attorney for Plaintiff

CC: Ms. Diane Lee, Esq. (via ETF)